UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TEWODROS KIROS,

               Plaintiff,

      -against-

PHYSICIAN AFFILIATE GROUP OF NEW
YORK (PAGNY); DEBORAH
OTTENHEIMER; JEREMY O'CONNOR;
SHAUN RAVENEL,

               Defendants.

25-CV-10650 (LJL)

ORDER OF SERVICE

LEWIS J. LIMAN, United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action alleging that Defendants violated his

rights under the Family and Medical Leave Act of 1993 and the New York City and State Human

Rights Laws. The Court also construed the complaint as asserting claims under the Americans

with Disabilities Act of 1990. By order dated January 28, 2026, the Court granted Plaintiff's

request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. The Court

directs service on Defendants and denies Plaintiff's application for the Court to request pro bono

counsel without prejudice to renewal at a later date.

## DISCUSSION

### A.    Order of Service

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the

Court and the U.S. Marshals Service to effect service.[1] *Walker v. Schult*, 717 F.3d 119, 123 n.6

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons
be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could
not have effected service until the Court reviewed the complaint and ordered that any
summonses be issued. The Court therefore extends the time to serve until 90 days after the date
any summonses issue.

(2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on Defendants Physician Affiliate Group of New York, Deborah Ottenheimer, Jeremy O'Connor, and Shaun Ravenel through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for Defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendants.

If the complaint is not served within 90 days after the date summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## B.      Request for Counsel

Plaintiff has filed an application for the Court to request pro bono counsel. Dkt. No. 5. The factors to be considered in ruling on an indigent litigant's request for counsel include the merits of the case, the litigant's efforts to obtain a lawyer, and his ability to gather the facts and present the case if unassisted by counsel. *See Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989); *Hodge v. Police Officers,* 802 F.2d 58, 60–62 (2d Cir. 1986). Of these, the merits are "[t]he factor which command[s] the most attention." *Cooper*, 877 F.2d at 172. Because it is too early in the proceedings for the Court to assess the merits of the action, Plaintiff's motion for counsel is denied without prejudice to renewal at a later date.

3

**CONCLUSION**

The Court denies Plaintiff's application for the court to request pro bono counsel without prejudice to renewal at a later date. Dkt. No. 5.

The Clerk of Court is directed to issue a summons for each defendant, complete the USM-285 form with the address for each defendant, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Clerk of Court is also directed to mail an information package to Plaintiff.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:    February 2, 2026
          New York, New York

_____
LEWIS J. LIMAN
United States District Judge

**SERVICE ADDRESS FOR EACH DEFENDANT**

1.      Physician Affiliate Group of New York
         420 Lexington Ave., Ste. 1750
         New York, NY 10170

2.      Deborah Ottenheimer
         Physician Affiliate Group of New York
         420 Lexington Ave., Ste. 1750
         New York, NY 10170

3.      Jeremy O'Connor
         Physician Affiliate Group of New York
         420 Lexington Ave., Ste. 1750
         New York, NY 10170

4.      Shaun Ravenel
         Physician Affiliate Group of New York
         420 Lexington Ave., Ste. 1750
         New York, NY 10170