USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/12/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TEWODROS KIROS,

Plaintiff,

-v-

PHYSICIAN AFFILIATE GROUP OF NEW YORK, et al.,

Defendants.

25-cv-10650 (LJL)

ORDER

LEWIS J. LIMAN, United States District Judge:

On June 15, 2026, Defendants the Physician Affiliate Group of New York, P.C., Deborah Ottenheimer, and Jeremy O'Connor (collectively, the "Moving Defendants") filed a motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. No. 15. Plaintiff Tewodros Kiros ("Plaintiff"), who is self-represented, has not filed an opposition. *See* Dkt. No. 20. However, the docket does not reflect that Plaintiff has consented to electronic service, and the Moving Defendants have not filed a certificate of service indicating that the motion papers were served on Plaintiff.

Filing a paper through the Court's electronic-filing system effects service only on a registered user or on a person who has consented in writing to electronic service. Fed. R. Civ. P. 5(b)(2)(E). A self-represented party who is neither must be served by another method permitted by Rule 5(b)(2), such as by mailing the paper to the party's last known address, Fed. R. Civ. P. 5(b)(2)(C). When a paper is served by such other means, a certificate of service must be filed with it or within a reasonable time after service. Fed. R. Civ. P. 5(d)(1)(B); *see also* Individual Practices in Civil Cases, Chambers of Lewis J. Liman, Rule 1.J ("[A]ll ECF filings by a

represented party in a *pro se* case must be accompanied by an Affidavit of Service affirming that the *pro se* party was served with a copy of the communication.").

Accordingly, Moving Defendants are directed to file, by no later than November 17, 2026, a certificate of service stating the date and manner in which Plaintiff was served with the motion papers at Dkt. Nos. 15 and 16. If Moving Defendants have not yet served Plaintiff, they shall serve Plaintiff with the motion papers forthwith and file proof of such service on the docket. Moving Defendants are further reminded that "[i]n cases involving a *pro se* litigant, counsel must, when serving a memorandum of law (or other submissions to the court), provide the *pro se* litigant (but not other counsel or the court) with copies of cases and other authorities cited therein that are unpublished or reported exclusively on computerized databases." Loc. Civ. R. 7.2.

The Clerk of Court is respectfully directed to mail a copy of this Order to Plaintiff at the address listed on the docket.

SO ORDERED.

Dated: November 12, 2026
New York, New York

LEWIS J. LIMAN
United States District Judge